# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Brandon Viverette,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC,<br>a Georgia limited liability company, and<br>Navient Corporation,<br>a foreign corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, BRANDON VIVERETTE, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for his Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of College Park, Fulton County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in the City of College Park, Fulton county, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") which is a Georgia limited liability company that conducts business in the State of Georgia; and

    b. Navient Corporation ("Navient") which is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Navient is inaccurately reporting its Tradelines ("Errant Tradelines") on Plaintiff's Equifax credit disclosure with an erroneous scheduled monthly payment amount on the following:

    a. Navient with a balance of $8,873.00 and a monthly payment of $5.00 which is closed;

    b. Navient with a balance of $3,372.00 and a monthly payment of $5.00 which is closed; and

    c. Navient with a balance of $1,916.00 and a monthly payment of $5.00 which is closed.

8. The account reflected by the Errant Tradelines were closed by Navient. Plaintiff no longer has an obligation to make monthly payments to Navient. Defendant closed the accounts. Hence, the entire balance is due presently as Plaintiff has neither the right nor the obligation to satisfy these debts in monthly installments.

9. The Errant Tradelines should be reported by Navient with a monthly payment of $0.00. Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

10. On April 3, 2020, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradelines inaccurately reporting with an erroneous monthly payment amount.

11. On or about May 19, 2020, Plaintiff submitted a letter to Equifax, disputing the Errant Tradelines.

12. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradelines were closed. Plaintiff no longer has an obligation to

make monthly payments to Navient. Accordingly, Plaintiff asked Equifax to report the Errant Tradelines with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to Navient.

14. Navient received Plaintiff's consumer dispute from Equifax.

15. Navient and Equifax did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. Plaintiff had not received Equifax's investigation results. Therefore, on July 2, 2020, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Navient failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradelines.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous monthly payment, Navient negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

21. Navient negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradelines with an account status as closed.

22. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradelines.

23. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Navient is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

25. Plaintiff has a private right of action to assert claims against Navient arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Navient for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT

26. Plaintiff realleges Paragraphs 6-16 as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

28. Navient willfully failed to review all relevant information available to it and provided by Equifax as required by 15 U.S.C. § 1681s-2(b).

29. As a direct and proximate cause of Navient's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

30. Navient is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment

against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

31. Plaintiff realleges Paragraphs 6-16 as if recited verbatim.

32. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

33. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

34. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

35. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

36. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

37. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

38. Plaintiff realleges Paragraphs 6-16 as if recited verbatim.

39. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

40. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

41. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

42. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

43. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 25, 2020

By: _/s/ **Matthew Landreau**_
Matthew Landreau
Bar Number 301329
22142 West Nine Mile Road
Southfield, MI 48033

Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: matt@crlam.com
*Attorneys for Plaintiff,*
*Brandon Viverette*